No. 694

First Circuit

—

TRADERS SECURITIES CO., INC., v.
DUTSCH

—

(October 8, 1930.   Opinion and Decree.)

—

A. J. Finney, of Covington, attorney for
plaintiff, appellant.

Harvey E. Ellis, of Covington, attorney
for defendant, appellee.

LeBLANC, J.   This appeal is from a
judgment dismissing plaintiff's suit on an
exception of no cause or right of action.

Traders' Securities Company, Inc., domi-
ciled in the city of St. Louis, state of
Missouri, brings this suit against the de-
fendant, Frank L. Dutsch, a resident of the
parish of St. Tammany, on what it alleges
to be four trade acceptances, known under
our Negotiable Instrument Law as bills of
exchange.   These papers are all dated "St.
Louis, Mo. March 5, 1928"; each is for the
sum of $59.60 and are payable five, seven,
nine, and twelve months after date.   They
are in the form of a draft drawn by the
Arch Manufacturing Company on the de-
fendant, and across the face of each is a
written acceptance signed by him.   On the
back of each is an indorsement, without re-
course, to the order of Traders' Securities
Company.   The indorsement is evidently
placed with a rubber stamp, the name
"Traders Securities Co." being stamped
with a different colored ink from the
rest.   The indorsement is signed for the
Arch Manufacturing Company by one W.
A. Blackstad.

Plaintiff avers that it is the owner of
these alleged acceptances for a valuable
consideration before maturity, that they
were indorsed over to it after acceptance

by defendant, and were acquired in good faith.

Under section 59 of the Negotiable Instrument Law (Act No. 64 of 1904), every holder of a negotiable instrument is deemed to be a holder in due course.

In addition, the petition in this case contains allegations which make it appear that the plaintiff is a holder in due course under the provisions of section 52 of the same act.

After alleging the defendant's failure and refusal to pay on amicable demand, judgment is prayed for, for the full amount of the four acceptances with legal interest from judicial demand.

Defendant's first appearance was to pray for oyer of "the document or contract" which he avers was annexed to and formed part of what he terms "the alleged promissory note sued upon herein." This prayer for oyer was filed on November 12, 1929. On November 14, 1929, two days later, plaintiff, through its attorney, filed an answer to the prayer, in which it is alleged that it (defendant) has no knowledge of any such document or contract, and as it hasn't any such in its possession, it is a physical impossibility for it to comply with the prayer. This answer is supported by the verification of plaintiff's attorney, made under oath. On December 17, 1929, the court overruled the prayer for oyer on the strength of plaintiff's answer and the affidavit of its counsel thereto, and on January 13, 1930, an exception of no cause or right of action was ordered filed on behalf of the defendant. According to the transcript of the minutes of court, the exception was "assigned for trial for the taking of testimony" for the following day.

On the trial of the exception, the court, over the objection of counsel for plaintiff, permitted the defendant to introduce evidence which tended to substantiate a claim that these so alleged trade acceptances were attached, along a delicately perforated line, to a contract for the sale and purchase of jewelry between defendant and the Arch Manufacturing Company and of which contract these acceptances were part and substance.

From the evidence of the defendant, who was the only witness, it would appear that the acceptances after being signed were detached from the main body of the contract and then passed over into the hands of an alleged innocent third party, where they were to become negotiable instruments acquired in good faith and in due course. The inference from this testimony and the argument of counsel is that the whole transaction was a fraudulent scheme on the part of the Arch Manufacturing Company to collect money from the defendant under a contract which they themselves had violated, and that this plaintiff was but a "straw man" as it were, for them, who was bound to have knowledge of the defects and infirmities of the instrument sued on.

The questions presented by the testimony and counsel's argument are matters to be raised in defense of the action and cannot properly come up on the trial of an exception of no cause or right of action, unless plaintiff has waived its rights thereunder. This, plaintiff might have done by

agreeing that the exception be taken as an answer, or by permitting, without objection, the introduction of evidence, to negative the allegations of the petition, which for the purposes of trying the exception are admitted to be true, neither of which condition exists in this case. It was only the exception that was fixed for trial for January 14, 1930, and on the morning of the trial counsel for plaintiff promptly urged a valid objection to the introduction of any testimony. Whilst the objection might have been made in better form than it appears, we nevertheless consider it sufficient as a protest against the hearing of testimony of the character such as was offered and on which the district court rendered judgment. The objection should have been maintained, and, as the plaintiff apparently is the holder of the papers sued on and alleged itself to have become so in due course, it has a right of action and its petition discloses a cause of action.

We are of the opinion that the exception should have been overruled so that the issues to be presented might be tried on the merits.

It is therefore ordered, adjudged, and decreed that the judgment herein appealed from which sustained the exception of no right of action be avoided, annulled, and reversed, and

It is further ordered, adjudged, and decreed that the exception of no right or cause of action be now overruled, and that the case be remanded to the district court for further proceeding and trial according to law.